IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES BARFIELD and
CHRIS BARFIELD,

       Plaintiff,

vs.                                       Case No. 05-CV-02218-MLB-DJW

COMMERCE BANCSHARES, INC.,

       Defendant.

## AGREED PROTECTIVE ORDER

       This is an action for damages under 42 U.S.C. § 1981.  Plaintiffs allege that the defendant bank refused to make change for African-Americans yet made change for Caucasians.  The defendant bank has filed a motion to dismiss, which is pending before the Court.  In the meantime, pursuant to the Court's scheduling order, ADR and discovery are proceeding.  These proceedings will involve production by the defendant bank of internal operations and personnel policies, regulatory compliance documents, and customer service documents, all of which the bank regards as proprietary and confidential. The Court therefore finds that "good cause" exists under Fed. R. Civ. P. 26(c) for entry of a protective order in these circumstances.

       Pursuant to the Court's authority and based upon the agreement of the parties and their counsel, IT IS ORDERED THAT:

       1.     This Protective Order shall govern the disclosure, distribution and use of all Confidential Records or Information produced in discovery in this case.

2. "Confidential Records or Information" is defined as all documents that are marked "CONFIDENTIAL" by any party. Documents may be marked as "Confidential" if they relate to one or more of the following categories of information: (1) internal company policies; (2) internal company procedures; (3) customer complaints; (4) customer files; (5) other proprietary customer information; (6) personnel files; (7) other proprietary employee information; (8) employee training; (9) customer service practices, policies and procedures; (10) proprietary business practices; (11) proprietary information concerning business transactions whether completed or contemplated; (12) proprietary business plans and/or budgets; and (13) non-public financial information. If a party fails to mark a Confidential Record or Confidential Information as "CONFIDENTIAL," the party shall not be deemed to have waived its claim of confidentiality and may mark the document or information "CONFIDENTIAL" at a later date after it has learned of its failure to mark said document or information. By abiding by the terms of this order and accepting and using "Confidential Records and Information" a party does not admit to or waive his, her, or its right to contest the confidential and/or proprietary nature of a document or the information contained therein.

3. The parties, their employees, consultants, representatives, agents, experts and counsel of record, shall adhere to this Protective Order. None of them shall distribute or disclose any Confidential Records or Information, or information contained therein or derived therefrom, to any person or entity, except in strict

conformance with the terms of this Protective Order. All copies or versions of Confidential Records or Information shall be subject to the terms of this Protective Order.

4. All Confidential Records or Information covered by this Protective Order shall be used solely for the purpose of this dispute and not for any other purpose whatsoever. No Confidential Records or Information shall be distributed to or disclosed to any person or entity other than Qualified Persons. "Qualified Persons," as used herein, is defined as:

   a. Counsel, which is defined as counsel of record for the parties in this action, and their paralegals, secretaries, assistants and other employees to whom it is necessary that the material be shown;

   b. Actual or potential experts or consultants who have signed a document so stating (such signed document to be retained by counsel who has hired such expert).

   c. Parties to the lawsuit, their affiliated entities, if any, and their employees, if any.

   d. Those persons to whom the parties agree in writing that Confidential Records or Information may be disclosed; and

   e. Witnesses and potential witnesses.

5. Excepting only the Court, before any party's counsel shall deliver, exhibit, publish or disclose any Confidential Records or Information to a Qualified Person

described in paragraphs 4(b) and/or (d), the party's counsel shall provide to such Qualified Person a copy of this Protective Order and shall require such Qualified Person to agree to the terms of this Protective Order. Confidential Records or Information filed with the Court shall be placed in a sealed envelope bearing the notation: "Confidential Records or Information to be opened only at the direction of the Court."

6. Relevant portions of any deposition testimony, deposition exhibits, interrogatories or answers thereto, requests for admission or answers thereto, or responses to requests for disclosure that reference or contain any Confidential Records or Information shall be deemed confidential and shall also be covered by this Protective Order without further designation.

7. If any third party subpoenas or seeks access to or production of protected documents that a party has obtained under the terms of this order, such party shall promptly notify the party or other person who designated the document as protected of the pendency of such subpoena or order, and the party from whom discovery is sought shall comply with the terms of this Protective Order unless and until ordered by a court of competent jurisdiction to do otherwise.

8. All Confidential Records or Information, and all copies thereof, shall be assembled and returned by each party's counsel within ninety (90) days of the conclusion of this litigation whether through final adjudication or resolution through settlement, and counsel for each party shall certify within one hundred twenty (120) days that

>
> this comprises all Confidential Records or Information and copies thereof in that party's possession.

9. The terms of this Protective Order may be modified by stipulation of the parties or order of the Court at any time.

10. The producing party shall not be restricted from reviewing or otherwise using in the course of their ordinary business any Confidential Records or Information that they have produced.

11. An inadvertent disclosure by the producing party of any Confidential Records or Information shall not constitute a waiver of this Protective Order.

12. This Protective Order shall be binding throughout this litigation. After conclusion of this litigation, either party may seek to reopen the case to enforce the provisions of this Protective Order.

13. Nothing in this Order shall prevent any party or other person from seeking reformation or modification of this Order, or from objecting to discovery that it believes to be otherwise improper.

SO ORDERED this 9th day of November, 2005.

                                                      s/ David J. Waxse
                                                     MAGISTRATE JUDGE

Submitted and approved by:


    s/ Joselyn Verschelden
Charles W. German    KS #70040
Joselyn Verschelden    KS #21626
ROUSE HENDRICKS GERMAN MAY PC
One Petticoat Lane Building
1010 Walnut Street, Suite 400
Kansas City, MO 64106
Tele:    (816) 471-7700
Fax:    (816) 471-2221
ATTORNEYS FOR DEFENDANT


    s/ Lawrence W. Williamson, Jr.
Lawrence W. Williamson, Jr.
Uzo L. Ohaebosim
SHORES, WILLIAMSON AND OHAEBOSIM, LLC
1400 Epic Center
301 N. Main Street
Wichita, KS 67202-4814
ATTORNEYS FOR PLAINTIFF