**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| JAMES BARFIELD, et. al, ) | |
| ) | |
| Plaintiffs, ) | **CIVIL ACTION** |
| ) | |
| v. ) | No.  05-2218-MLB |
| ) | |
| COMMERCE BANCSHARES, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This case comes before the court on defendant's motion to dismiss and plaintiffs' motion to amend.  (Docs. 4, 28).  The motions have been briefed and are ripe for decision. (Docs. 5, 7, 9, 30, 32).  For the reasons herein, defendant's motion to dismiss is granted and plaintiffs' motion to amend is denied.

**I.   ALLEGED FACTS**

In early 2004, both African American plaintiffs, on separate occasions, entered the Commerce Bank facility at 21st and Grove Streets and requested change for a fifty dollar bill.  On both occasions, the Barfields were refused change on the basis that they were not account holders. After Chris Barfield's experience with the bank, the Barfields enlisted the assistance of a Caucasian male who entered the bank and requested change.  The Caucasian male was given change even though he did not have an account with the bank.  The same day, James Barfield, Chris' father, entered the bank, requested change and was denied.  The Barfields then approached the media for assistance.  Both a Caucasian reporter and an African-American reporter, neither having an account at Commerce Bank, entered the bank

on separate occasions seeking change.  The bank granted the request of the Caucasian reporter, but denied the African-American reporter on the basis that he was not an account holder.

The Barfields brought this action alleging a violation of their civil rights pursuant to 42 U.S.C. § 1981.  The bank filed a motion to dismiss asserting that the Barfields claim failed to state a claim as a matter of law.[1]  (Doc. 4).  The Barfields' motion for leave to file their second amended complaint asserts a class action claim under section 1981 and adds a claim under Title VI.  (Doc. 28).  Unlike the earlier complaints in which specific acts of discrimination were allegedly committed against the Barfields, their second amended complaint adds non-specific allegations that the bank has denied unnamed but qualified African-Americans checking and savings accounts and the opportunity for home, business and personal loans.  (Doc. 28 at 7).  The bank responds that the motion is untimely and amendment would be futile.  (Doc. 30).

**II.  ANALYSIS**

    **A.  Motion to Dismiss**

To establish a prima facie case of discrimination under 42 U.S.C. § 1981, the Barfields must show: (1) they are members of a protected class; (2) that the bank had the intent to discriminate on the basis of race; and (3) that the discrimination interfered with a protected activity as defined in § 1981.  <u>Hampton v. Dillard Dept. Stores, Inc.</u>, 247 F.3d 1091, 1101-02 (10th Cir. 2001).  The bank asserts that the

---

[1] The bank's motion to dismiss also asserts that the complaint should be dismissed for improper service and lack of personal jurisdiction.  Those issues have been resolved and are not currently before the court.  (Doc. 30 at 2).

-2-

act of making change does not amount to a protected activity under section 1981. The Barfields, however, in their second amended complaint have alleged more acts than the exchange of bills. The Barfields' allegations that the bank has denied African-Americans the opportunity to open accounts with the bank is clearly an activity that is protected under section 1981. However, the Barfields, the named plaintiffs, have not alleged that they have been denied the opportunity to open accounts. Accordingly, the court must determine whether the allegations in the complaint pertaining to the Barfields are sufficient to state a claim under section 1981.

In <u>Hampton v. Dillard Dept. Stores, Inc.</u>, 247 F.3d 1091 (10th Cir. 2001), the Tenth Circuit held the following:

> Clearly, the purpose of the statute is to "make it clear that the right to 'make and enforce contracts' free from race discrimination [is] protected by section 1981." S. Rep. No. 101-315 (1990). Furthermore, the list set forth in subsection (b) of the statute, which gives examples of what might constitute the "making" or "enforcing" of a under the Act, "is intended to be illustrative rather than exhaustive." <u>Id.</u> We have clarified "that a § 1981 claim for interference with the right to make and enforce a contract must involve the actual loss of a contract interest, not merely the possible loss of future contract opportunities." In the context of a retail transaction, this court has not had the opportunity to address or apply subsection (b). There is even less guidance as to what constitutes a contract for the purposes of a § 1981 claim involving a retail transaction, and as such, we are authorized to look to common law. <u>See</u> 42 U.S.C. § 1988(a).

<u>Id.</u> at 1104.

Accordingly, the Tenth Circuit has instructed that the court is authorized to look to common law in order to determine whether or not the Barfields attempt to make change was an offer to enter into a contract with the bank.

            A contract must be supported by consideration in order

-3-

> to be enforceable. Consideration is defined as some right, interest, profit, or benefit accruing to one party, or some forbearance, detriment, loss, or responsibility, given, suffered, or undertaken by the other. A promise is without consideration when the promise is given by one party to another without anything being bargained for and given in exchange for it.

Varney Business Servs., Inc. v. Pottroff, 275 Kan. 20, 32, 59 P.3d 1003, 1014 (2002).

The Barfields assert that consideration existed since both parties would incur a legal detriment and a benefit. The court disagrees. The Barfields simply offered the bank fifty-dollar bills in exchange for smaller denominations. Had the bank agreed to exchange the bills, the result would not support a finding that a contract existed. A return exchange of bills of equal value does not amount to a bargain. The bank would not have received any benefit or incurred a detriment if it had agreed to change the Barfields' bills. Had the bank agreed to change the bills, the result would have been that it performed a gratuitous service but not one that it was contractually required to perform.

To decide otherwise would impermissibly expand the scope of section 1981. Section 1981 does not universally protect "customers from harassment upon entering a retail establishment." Hampton, 247 F.3d at 1118; see also Morris v. Office Max, 89 F.3d 411, 415 (7th Cir. 1996)(noting that, where claim was interference with prospective contractual relations, "[w]hile the incident ... was unfortunate and undoubtedly disconcerting and humiliating, it does not constitute a violation of the statutes"); Wesley v Don Stein Buick, Inc., 42 F. Supp.2d 1192, 1201 (D. Kan. 1999)(granting summary judgment where there was no evidence "that plaintiff would have attempted to purchase

-4-

a car from the dealership if the agents had not chased her away"); Sterling v. Kazmierczak, 983 F.Supp. 1186, 1192 (N.D. Ill. 1997) (granting defendant's motion to dismiss where plaintiff failed to allege that he was prepared to purchase air rifle cartridges or that he had them "in hand" when confronted by police officer); Lewis v. J.C. Penney Co., Inc., 948 F. Supp. 367, 371 (D. Del. 1996)(granting summary judgment to defendants and rejecting theory that an unwritten contract between commercial establishments and the public guarantees that whenever a member of the latter enter "premises of the former [she] will be treated equally regardless of race"); Robertson v. Burger King, Inc., 848 F. Supp. 78, 81 (E.D. La. 1994)(dismissing claim where "plaintiff was not denied admittance or service").

Defendant's motion to dismiss the Barfields' section 1981 is accordingly granted.

### B.  Motion to Amend

The Federal Rules of Civil Procedure provide that a party may amend his or her pleading after a responsive pleading has been filed "only by leave of court or by written consent of the adverse party..." See Fed. R. Civ. P. 15(a); Calderon v. Kansas Dept. of Social and Rehab. Servs., 181 F.3d 1180, 1185-86 (10th Cir. 1999). Fed. R. Civ. P. 15(a) also provides that leave to amend "shall be freely given when justice so requires."  In the absence of any apparent or declared reason, such as undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment, leave to amend should, as the rules require, be freely given. Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962); Frank

v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993). The bank specifically contends that the Barfields' motion is untimely. While this argument may have merit, the court is persuaded by other factors which compel it to deny The Barfields' motion.

A district court is justified in denying a motion to amend as futile if the proposed amendment could not withstand a motion to dismiss or otherwise fails to state a claim. Ketchum v. Cruz, 961 F.2d 916, 920 (10th Cir. 1992). A court may not grant dismissal "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Sutton v. Utah State Sch. for Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999) (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). For purposes of this motion, the Court must accept as true all well-pleaded facts and view those facts in the light most favorable to The Barfields. See Jefferson County Sch. Dist. Dist. No. R-1 v. Moody's Investor's Servs. Inc., 175 F.3d 848, 855 (10th Cir. 1999) (interpreting the standard for a motion to dismiss).

### 1.   Rule 8 Analysis

As stated previously, the Barfields' proposed Second Amended Complaint (Doc. 28, Exh. 1) contains class action allegations against the bank. The Court has compared the Barfields' First Amended Complaint (Doc. 22) to the Barfields' proposed Second Amended Complaint. In addition to the technical requirements of Rule 23, the latter contains a new section of "factual allegations" entitled "Defendant's Actions Permeate Throughout All Services." (Doc. 28, Exh. 1, § V.B.) Although couched as "facts," this section merely

enumerates the various types of services the bank allegedly denied to unnamed and otherwise unidentified African Americans, including loan services, the opportunity to open various types of accounts, and miscellaneous other banking services. Id. The Barfields have not, however, asserted any actual facts to support these allegations, such as the identities of the individuals who were denied services, the individuals who refused to provide the services, the dates on which these events occurred, etc.[2] Further, the pleading contains no allegations that the Barfields were denied any of these additional services.

Under the requirements of Fed. R. Civ. Pro. 8, a pleading must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2). Federal courts recognize the fairly lenient standard of "notice" pleading, by which a litigant is required to provide the opposing party with fair notice of the claim and the grounds upon which it rests. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512, 122 S. Ct. 992, 998, 152 L. Ed.2d 1 (2002).

Even under the relaxed standard of notice pleading, a party is required to "do more than simply make allegations, rather, the pleading must state the facts upon which the plaintiff's claim rests." Sims v. Unified Gov't of Wyandotte County/Kansas City, Kansas, 120 F. Supp.2d 938, 950 (D. Kan. 2000)(citations omitted). As stated

---

[2] The court cannot help but note that plaintiffs' counsel has been very specific with respect to what allegedly occurred to the Barfields but then has retreated to the barest form of notice pleading when it comes to alleged acts of discrimination against other individuals whose names supposedly are known to plaintiffs' counsel.

previously, the Barfields have failed to plead any facts upon which the class claims rest. The mere allegations included in their proposed Second Amended Complaint are insufficient to state a claim. Id. Moreover, the court has already concluded that the specific allegations contained in the complaint are insufficient to state a claim.

### 2. Standing.

Even assuming that plaintiffs' proposed Second Amended Complaint complies with the requirements of Fed. R. Civ. Pro. 8, the Barfields have failed to establish that they have standing to bring the class action claims. Although this issue is not addressed specifically in the bank's Memorandum in Opposition (Doc. 30), it is a long-standing rule that the Court must address standing on its own motion. Mansfield, C. & L.M. Ry. Co. v. Swan, 111 U.S. 379, 382-83, 4 S. Ct. 510, 511-12 (1884).

The Tenth Circuit recently held that class action claims cannot survive when the named plaintiffs' claims have been dismissed. Robey v. Shapiro, Marianos & Cejda, L.L.C., ---F.3d---, 2006 WL 122467 *5 (10th Cir. Jan. 18, 2006). Since the named plaintiffs must be a part of the class to have standing to sue on behalf of the class, allowing plaintiffs to amend would be futile since the Barfields do not have standing to assert a class claim.[3] Schlesinger v. Reservists Committee to Stop the War, 418 U.S. 208, 216, 94 S. Ct. 2925, 2930

---

[3] The Barfields have already somewhat conceded that the dismissal of their claims would result in their motion to amend being denied as futile. See Doc. 28 at 4. The Barfields have not claimed that they have been denied other services by defendant. On the contrary, they allege that Mrs. Barfield has an account at the bank.

(1974).

Accordingly, plaintiffs' motion to amend is denied.

## III. CONCLUSION

Accordingly, plaintiffs' motion to amend (Doc. 28) is denied. Defendant's motion to dismiss plaintiffs' section 1981 claim (Doc. 4) is granted.

A motion for reconsideration of this order pursuant to this court's Rule 7.3 is not encouraged. The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence. Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate. Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992). Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by this court in Comeau v. Rupp. The response to any motion for reconsideration shall not exceed three pages. No reply shall be filed.

IT IS SO ORDERED.

Dated this  30th    day of January 2006, at Wichita, Kansas.

                                          s/ Monti Belot
                                          Monti L. Belot
                                          UNITED STATES DISTRICT JUDGE